UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AARON WILLIAMS,

                              Plaintiff,

                                                                                             DECISION AND ORDER

                                                                                             04-CV-6230L

                              v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

## INTRODUCTION

This is an action brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c) to review the final determination of the Commissioner of Social Security ("the Commissioner") that Aaron Williams ("plaintiff") is not disabled under the Social Security Act, and therefore, is not entitled to Supplemental Security Income ("SSI") benefits.

The Commissioner has moved for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c). For the reasons discussed below, the Commissioner's motion (Dkt. #9) is granted, and this action is dismissed with prejudice.

## PROCEDURAL BACKGROUND

Plaintiff was born on June 12, 1978, and attended school through the ninth grade. He attempted but did not obtain a General Equivalency Diploma. He has very little work experience.

One job he had as a janitor lasted only a month. Plaintiff quit because he believed he was doing more work that his coworkers. (T. 168).

Plaintiff applied for SSI benefits on September 4, 2001, alleging disability based on a learning disability. (T. 54-56). His application was denied and plaintiff requested a hearing before an administrative law judge ("ALJ"). On October 15, 2003, ALJ John P. Costello held a hearing at which plaintiff and his uncle appeared and testified. (T. 247-62). Plaintiff elected not to have legal representation. On January 9, 2004, the ALJ found that plaintiff was not disabled. (T. 14-21). The ALJ's decision became the final decision of the Commissioner on April 1, 2004, when the Appeals Council denied plaintiff's request for review. (T. 5-7). Plaintiff filed this action, *pro se*, on May 21, 2004.

## DISCUSSION

**I.      Standard of Review**

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir.2002); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Thus, "[i]t is not the function of a reviewing court to decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999).

Applying the familiar five-step disability evaluation[1], the ALJ in this case first found that plaintiff had not engaged in substantial gainful activity since his alleged onset date. At steps two and three, the ALJ found that plaintiff had a learning disability with borderline intellectual functioning that was severe, but that did not meet or equal a listed impairment. The ALJ then determined at step four that plaintiff had no past relevant work. He also found that plaintiff had no exertional limitations, and that he had the residual functional capacity ("RFC") to perform simple tasks of a repetitive nature. At step five, the ALJ used section 204.00 of the Medical-Vocational Guidelines as a framework for decision-making, and concluded that plaintiff was not disabled. The ALJ found that there were a significant number of jobs in the national economy that plaintiff could perform that were consistent with his RFC and vocational profile (T. 14-21).

The Commissioner argues that substantial evidence in the record exists to support the ALJ's determination that plaintiff is not disabled. Plaintiff elected not to file a formal response to the

---

[1] The Second Circuit has described the five-step evaluation as follows:

First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. Where the claimant is not, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant has a listed impairment, the Commissioner will consider the claimant disabled without considering vocational factors such as age, education, and work experience; the Commissioner presumes that a claimant who is afflicted with a listed impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the burden then shifts to the Commissioner to determine whether there is other work which the claimant could perform.

*Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir.1999); *see also Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).

Commissioner's motion, but instead sent two letters to the Court.  Plaintiff argues that because the Commissioner granted a subsequent application for SSI benefits that he filed in 2004, her decision denying him benefits based on his 2001 application was incorrect. (*See* Pl. letters dated March 13 and October 25, 2005).  I disagree, and find that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled.

**II.      Substantial Evidence that Plaintiff is not Disabled**

There is no dispute that plaintiff has a mental impairment, namely borderline intellectual functioning.  Nevertheless, the ALJ concluded that this impairment did not prevent plaintiff from working in a number of unskilled jobs that involve simple tasks of a repetitive nature.  There is substantial medical evidence presented from both examining and consulting physicians to support the ALJ's determination that plaintiff is not disabled.

The ALJ's decision is supported by the November 5, 2001, psychiatric evaluation by John Thomassen, Ph.D.  Dr. Thomassen concluded that plaintiff "should be able to perform rote tasks and follow simple directions." (T. 183).  Dr. Thomassen also found that plaintiff would have only mild difficulties relating with coworkers and coping with stress.  In addition, consulting psychiatrist Dr. J. Belsky reviewed the evidence and completed an assessment of plaintiff's abilities to perform work-related mental activities. (T. 185-202). Dr. Belsky concluded that plaintiff was not significantly limited in his ability to remember locations and work-like procedures, to understand, remember and carry out very short and simple instructions, to perform activities within a schedule, to maintain regular attendance and be punctual within customary tolerance, and to make simple

work-related decisions. (T. 199). Dr. Belsky further concluded that plaintiff could perform simple tasks. (T. 200, 203). The ALJ's decision is strongly supported by the opinions of Dr. Thomassen and Dr. Belsky, on which he placed the greatest weight. (T. 18).

The ALJ's decision is also supported by plaintiff's school records, which show that he was classified as learning disabled when he was eleven years old. Three years later, however, at the age of 14, plaintiff was declassified as learning disabled. (T. 114, 130). At that time, the Committee on Special Education reported that plaintiff had "made academic gains, especially in reading and math and in fact, these skills are considerably above required discrepancy levels for continued classification." (T. 130). Further, a June 16, 2000, intellectual and personality evaluation conducted by Nelson Freeling, Ph.D., for VESID concluded that plaintiff scored in the borderline range of intellectual functioning. (T. 169).

Finally, the ALJ's determination to use the Medical-Vocational Guidelines as a framework for decision-making was appropriate here. Social Security Ruling 85-15, 1985 WL 56857 (S.S.A.) provides that:

> Where a person's only impairment is mental [and] is not of listing severity, … the final consideration is whether the person can be expected to perform unskilled work. The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting.

The medical evidence of record, discussed *supra*, supports the conclusion that plaintiff's nonexertional impairment does not have a significant effect on the range of possible unskilled work

plaintiff could perform.  *See Cosgrove v. Barnhart*, No. 01 Civ. 2632, 2004 WL 1171772 (S.D.N.Y. May 06, 2004). Although there is some evidence from other, non-medical sources that plaintiff's impairment caused a more restrictive RFC than what the ALJ found, it was within the purview of the ALJ to evaluate this evidence and, based on the record as a whole, accord it the appropriate weight. *See Veino*, 312 F.3d at 586 ("Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force[,]" this Court cannot substitute its own judgment for that of the Commissioner).

Finally, it is well within the discretion of the Commissioner to evaluate the credibility of plaintiff and render an independent judgment in light of the medical findings and other evidence. *See Mimms v. Heckler*, 750 F.2d 180, 185-86 (2d Cir.1984); Social Security Ruling 96-7p, 1996 WL 374186 (S.S.A.). Because the ALJ's credibility analysis and factual findings are based on application of the proper legal principles, the Court may not examine the evidence and substitute its own judgment for that of the Commissioner. 42 U.S.C. § 405(g); *Parker v. Harris*, 626 F.2d 225 (1980); *see also Glaze v. Barnhart*, 242 F.Supp.2d 233, 236 (W.D.N.Y.2003).

It is clear from his decision that the ALJ carefully weighed all the evidence of record, and that substantial evidence supports his conclusion that plaintiff can perform other work in the national economy.  I do not believe the record supports plaintiff's argument that, during the relevant time period, he was totally disabled.

**CONCLUSION**

The Commissioner's motion for judgment on the pleadings (Dkt. #9) is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 28, 2006.